IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SWANSON,

                    Plaintiff,

v.

WAUPUN CORRECTIONAL INSTITUTION,

                    Defendant.

OPINION AND ORDER

19-cv-899-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Christopher Swanson has filed a civil action under 42 U.S.C. § 1983, contending that he did not receive proper medical treatment for an ingrown toenail and toe infection while he was incarcerated at Waupun Correctional Institution. In particular, he alleges that health services staff performed multiple unsuccessful surgeries on his toe, prescribed antibiotics that made him ill and failed to schedule timely appointments with a specialist. As a result, plaintiff's toe knuckle had to be surgically removed and replaced with a rod and screw.

Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff's complaint must be dismissed because he has failed to name a proper defendant.

Only individuals who are personally involved with a prisoner's medical care or treatment can be held liable for a constitutional violation under 42 U.S.S. § 1983. Gayton

1

v. McCoy, 593 F.3d 610, 612 (7th Cir. 2010). Plaintiff does not identify any specific individuals at Waupun Correctional Institution who were responsible for the medical care decisions that he is now challenging. Instead, he names only the Waupun Correctional Institution as defendant. But the prison is not a "person" subject to suit for money damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Smith v. Knox Cty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

Because plaintiff has failed to name a proper defendant and has failed to explain who was responsible for making specific decisions about his medical care, his complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. Under that rule, a complaint must include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8. I will dismiss his complaint without prejudice. I will give plaintiff the opportunity to file an amended complaint in which he names the individual defendant or defendants responsible for the medical care decisions he is seeking to challenge. In drafting his amended complaint, plaintiff should be sure to state clearly what each individual defendant did, or did not do, that plaintiff believes violated his rights. If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that plaintiff Christopher Swanson's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until March 16, 2020 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by March 16, 2020, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 25th day of February, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge